277352.1

Milton Springut
Tal S. Benschar
Kalow & Springut LLP
75 Rockefeller Plaza — 19th floor
New York, New York 10019
(212) 813 1600

*Counsel for Plaintiff Rates Technology Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RATES TECHNOLOGY INC., ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BROADVOX HOLDING COMPANY, LLC, ) | |
| CYPRESS COMUNICATIONS OPERATING ) | |
| COMPANY, LLC and ABC COMPANIES ) | |
| 1 to 10, ) | |
| ) | |
| Defendants. ) | |

13 CV 0152

JUDGE SWAIN

JAN 08 2013

---

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Rates Technology Inc. ("RTI") alleges as follows:

1.  Plaintiff RTI is a corporation duly organized pursuant to the laws of the State of Delaware, having its principal place of business at 50 Route 111, Suite 210, Smithtown, NY 11787.

2.  Defendant Broadvox Holding Company, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at 1228 Euclid Avenue, Suite 390, Cleveland, Ohio, 44115.

3.  Defendant Cypress Communications Operating Company, LLC is a limited liability company organized under the laws of the State of Delaware, having a place of business at Four Piedmont Center, Suite 600, Atlanta, Georgia 30305.

4. Defendants ABC Companies 1 to 10 are other legal entities, including limited liability companies and corporations, that are corporate subsidiaries or affiliates of defendant Broadvox Holding Company, LLC, and work together with it or at its direction to provide telecommunications services to consumers and to other companies, and which provision of services also implicate the patents-in-suit.

5. All of defendants herein are collectively referenced as "Defendants" or "Broadvox."

6. This case is an action for patent infringement arising under the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 280 through 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

8. Upon information and believe, Broadvox is doing business in New York or is otherwise subject to jurisdiction in the State of New York under the law of this State and Rule 4 of the Federal Rules of Civil Procedure.

9. Venue is proper before this Court under 28 U.S.C. § 1400(b).

**FIRST CAUSE OF ACTION FOR PATENT INFRINGEMENT**

10. RTI repeats and realleges the allegations contained in the foregoing paragraphs as if fully repeated and restated herein.

11. The United States government has duly and legally issued United States Patent Number 5,425,085 (the "'085 Patent"), for inventions relating to the routing of telephone calls based upon cost. The '085 Patent remains valid and enforceable.

12. At all relevant times, RTI has been the lawful owner of the '085 Patent, and has had the right to sue and to recover for any and all infringement(s) of such patent.

13. Upon information and belief, within the past six years, Broadvox has infringed, actively induced the infringement of, and/or contributorily infringed the '085 Patent within the United States, including without limitation through making, using, advertising, marketing, selling, and/or offering to sell IP-based services, including telephone products and/or services which include high capacity switches to offer local and toll services to its customers; and including "soft switches" and related network equipment (such as media gateways, signaling gateways, applications servers and other converged network elements) to enable the switching and routing of voice calls over IP packet networks (also referred to as "VoIP"), as well as managing the related PSTN call traffic interface, and other VoIP services and related technologies and products to facilitate such services and technologies, to offer traditional voice telephony services across its VoIP platform and to enhance customers' products and/or services, which infringe the '085 Patent (all collectively, the "Infringing '085 Products and Services").

14. Upon information and belief, RTI has been damaged by Broadvox's infringing activities, and Broadvox is liable for such damages, in an amount not known at this time, but not less than $40 million.

15. Broadvox's wrongful acts have damaged and will continue to damage RTI irreparably, and RTI has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, RTI is therefore entitled to injunctive relief enjoining Broadvox and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '085 Patent, including without limitation restraining and enjoining the making, using, advertising, marketing, selling, and/or offering to sell the Infringing '085 Products and Services within the United States, which infringe the '085 Patent.

16. RTI timely gave Broadvox actual notice of the '085 Patent and has sought from Defendants information that would assist RTI in confirming whether Broadvox is within the lawful scope of one or more claims of the '085 Patent. Broadvox has not provided and has refused to provide this information. In the absence of such information, RTI resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm RTI's belief and to present to the Court evidence that Defendants infringe one or more claims of the '085 Patent. *Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1364 (Fed. Cir. 2000); *Cambridge Prods. Ltd. v. Penn Nutrients. Inc.*, 962 F.2d 1048, 1050 (Fed. Cir. 1992).

17. RTI discussed with and gave Broadvox notice of its infringement and sought to resolve this matter without litigation, but Broadvox refused to do so, thereby forcing RTI to file this suit. The acts of infringement by Broadvox are therefore willful.

## SECOND CAUSE OF ACTION FOR PATENT INFRINGEMENT

18. RTI repeats and realleges the allegations contained in the foregoing paragraphs as if fully repeated and restated herein.

19. The United States Government has also duly and legally issued United States Patent Number 5,519,769 (the "'769 Patent"), for inventions relating to a method for updating a database in a telephone call routing system. The '769 Patent remains valid and enforceable.

20. At all relevant times, RTI has been the lawful owner of the '769 Patent, and has had the right to sue and to recover for any and all infringement(s) of such patent.

21. Upon information and belief, Broadvox has infringed, actively induced the infringement of, and/or contributorily infringed the '769 Patent within the United States,

4

including without limitation through making, using, advertising, marketing, selling, and/or offering to sell IP-based services, including using telephone products and/or services which include high-capacity switches to offer local and toll services to its customers; and including "soft switches" and related network equipment (such as media gateways, signaling gateways, applications servers and other converged network elements) to enable the switching and routing of voice calls over IP packet networks, as well as managing the related PSTN call traffic interface, and other VoIP services and related technologies and products to facilitate such services and technologies, to offer traditional voice telephony services across its VoIP platform and to enhance customers' voice products and/or services, which infringe the '769 Patent (all collectively, the "Infringing '769 Products and Services").

22. Upon information and belief, RTI has been damaged by the infringing activities of Broadvox, and Broadvox is liable for such damages, in an amount not known at this time, but not less than $40 million.

23. Broadvox's wrongful acts have damaged and will continue to damage RTI irreparably, and RTI has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, RTI is therefore entitled to injunctive relief enjoining Broadvox and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '769 Patent, including without limitation restraining and enjoining the making, using, advertising, marketing, selling, and/or offering to sell the Infringing '769 Products and Services within the United States, which infringe the '769 Patent.

24. RTI timely gave Broadvox actual notice of the '769 Patent and has sought from Defendants information that would assist RTI in confirming whether Broadvox is

within the lawful scope of one or more claims of the '769 Patent. Broadvox has not provided and has refused to provide this information. In the absence of such information, RTI resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm RTI's belief and to present to the Court evidence that Defendants infringe one or more claims of the '769 Patent. *Hoffman-La Roche, supra*, 213 F.3d at 1364; *Cambridge, supra*, 962 F.2d at 1050.

25. As noted above, RTI discussed with and gave Broadvox notice of its infringement, and sought to resolve this matter without litigation, but Broadvox refused to do so. Thus, Broadvox forced RTI to file this lawsuit. The acts of infringement by Broadvox are therefore willful.

### PRAYER FOR RELIEF

WHEREFORE, RTI demands judgment against Broadvox, as follows:

1. That the '085 Patent be determined valid and enforceable.

2. That the '769 Patent be determined valid and enforceable.

3. That Broadvox be adjudged to have willfully infringed, actively induced the infringement of and/or knowingly contributorily infringed the '085 and '769 Patents.

4. That an accounting be had for the damages caused RTI by Broadvox's infringing activities, and that such damages including damages for lost profits and/or a reasonable royalty in an amount not less than $40 million, which due to willfulness can exceed $125 million under 35 U.S.C. §284, with interest, be awarded to RTI.

5. That RTI be granted injunctive relief restraining and enjoining Broadvox and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '085 and '769 Patents, including without limitation

restraining and enjoining the making, using, advertising, marketing, selling, and/or offering to sell the Infringing '085 Products and Services and the Infringing '769 Products and Services within the United States, which infringe RTI's '085 and '769 Patents.

6. That RTI be awarded its attorney fees, costs and expenses, under 35 U.S.C. §285.

7. That RTI be awarded such further necessary and proper relief as the Court may deem equitable and just.

## JURY TRIAL DEMANDED

RTI hereby demands a trial by jury of all issues so triable.

Dated: January 8, 2013
New York, New York

KALOW & SPRINGUT LLP

By: *Milton Springut*
Milton Springut
Tal S. Benschar
75 Rockefeller Plaza, 19th Floor
New York, New York 10019
(212) 813-1600

*Counsel for Plaintiff*
*Rates Technology Inc.*