# SPRINGUT LAW PC

### ATTORNEYS AT LAW

**VIA FASCMIILE**

February 12, 2013

Honorable Laura T. Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: **FEB 14 2013**

Re:   *Rates Technology Inc. v. Broadvox Holding Company, LLC*
      Civil Action No. 13 Civ. 0152 (LTS)

Dear Judge Swain:

We represent plaintiff Rates Technology Inc. ("RTI") in the above action. We write concerning the pending application for admission by Alex Gertsburg, Esq. (whom we understand is in-house counsel for one or both of the Defendants, and is based in Ohio.) While we do not at this time oppose the application, RTI has several reservations about it, and writes to preserve its rights with respect to these issues.

First, it is not clear whether Mr. Gertsburg intends to appear himself on behalf of Defendants, or whether Defendants intend to retain additional counsel.

Second, in pre-trial discussions, Defendants indicated that they would be demanding production of certain confidential documents of RTI. RTI responded that it would agree to produce these documents only subject to a Court-ordered protective order, and then only subject to review by outside counsel. Mr. Gertsburg's email response (copy attached) coyly states that Defendants would accept these documents as "attorney's eyes only." It appears that the *pro hac vice* application is designed to circumvent such a restriction. In any event, RTI will oppose review by Mr. Gertsburg of any documents designated as Outside Counsel Eye's Only.

Third, Mr. Gertsburg's email indicates that Defendants plan to assert various counterclaims based upon pre-litigation communications with RTI and its president. Without knowing the particulars of such claims, we note that Mr. Gertsburg was intimately involved in virtually all of the pre-litigation communications at issue -- indeed he was the primary interlocutor for Defendants. As such, he obviously would be a fact witness for Defendants in support of these counterclaims. Similarly, we were served with a Rule 11 motion (not yet filed) which was supported in part by a declaration of Mr. Gertsburg.

Generally, a lawyer is barred from acting as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness. N.Y. Rule of Professional Conduct, Rule 3.7(a), made

75 ROCKEFELLER PLAZA · 19TH FLOOR · NEW YORK, NY 10019
TEL 212.813.1600 · FAX 212.813.9600 · INFO@SPRINGUTLAW.COM

Honorable Laura T. Swain
February 12, 2013
Page 2 of 2

applicable in this Court by S.D.N.Y. Local Rule 1.5. Mr. Gertsburg's *pro hac vice* motion raises serious ethical issues, since it appears that he will be a witness in the case.

We recognize that such issues are not insurmountable, particularly if Defendants utilize additional counsel. At this point, it is premature to judge. We simply write now to preserve RTI's rights in the event that these issues come up down the road.

Respectfully Submitted,

Milton Springut

Milton Springut

Attachment

cc: Defendants' Counsel (via email)

400647.1