Keith D. Nowak
Andriy R. Pazuniak
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
nowak@clm.com
pazuniak@clm.com

Alexander E. Gertsburg
Broadvox Holding Company, LLC / Cypress Communications Operating Company, LLC
75 Erieview Plaza, Suite 400
Cleveland, Ohio 44114
(216) 373-4811
agertsburg@broadvox.com

*Attorneys for Defendants Broadvox Holding Company, LLC and Cypress Communications Operating Company, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RATES TECHNOLOGY INC., <br><br> Plaintiff, <br><br> -against- <br><br> BROADVOX HOLDING COMPANY, LLC, CYPRESS COMMUNICATIONS OPERATING COMPANY, LLC and ABC COMPANIES, 1 TO 10, <br><br> Defendants. | Case No. 1:13-cv-00152 (LTS) (SN) |

---

### DECLARATION OF ALEX GERTSBURG
### IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS

I, Alex Gertsburg, Esq. declare as follows:

1.  My name is Alex Gertsburg, and I am an Executive Vice President of Broadvox Holding Company, LLC ("Broadvox"). I am over twenty-one years of age and am not under any

legal disability. As to matters stated below, I have personal knowledge of the facts.

2. I have reviewed the DECLARATION OF GERALD WEINBERGER filed by Plaintiff in this case in support of RTI's motion to require defendants Broadvox Holding Company, LLC and Cypress Communications Operating Company, LLC (collectively "Broadvox") to file under seal and maintain as confidential certain pre-litigation emails and other communications.

3. I never agreed that the communications between Mr. Weinberger and myself were confidential, and indeed I started to remove the confidentiality designations from the emails once I noticed them.

4. Mr. Weinberger writes that "Confidentiality of pre-litigation negotiations .. allows me to speak frankly and freely about the merits of our claim." In fact, the email exchanges between Mr. Weinberger and myself do not contain any such discussions, because Mr. Weinberger was never interested in discussing the merits of his infringement allegations.

5. Mr. Weinberger alleges "I think it is particularly unfair that Mr. Gertsburg, who is an attorney, appears to have taken advantage of my layman status to trick me into sending confidential emails which he had no intention of keeping confidential. It would have been very easy for Mr. Gertsburg to state, even in a single sentence, that Broadvox did not agree to keep these items confidential. I would then have been given fair notice, and could have reacted accordingly." Based on my discussions with Mr. Weinberger, it was obvious to me that he is a sophisticated litigant and very knowledgeable on the law. Indeed, Mr. Weinberger told me that he did not need or want lawyers involved in the discussions, because, in effect, he was superior to lawyers.

6. Mr. Weinberger says "Release of these emails to the general public would cause

2

great embarrassment and reputational harm to both me and RTI. " The discussions reflected in the documents, however, are consistent with published information about the tactics of Mr. Weinberger and his company, and there is nothing confidential or which is new information that would further embarrass Mr. Weinberger or his company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of February, 2013, in Cleveland, Ohio.

Alex Gertsburg