400646.1

Milton Springut
Tal S. Benschar
KALOW & SPRINGUT LLP
75 Rockefeller Plaza, 19th Floor
New York, New York 10022
Tel: (212) 813-1600
Fax: (212) 813-9600

*Attorneys for Plaintiff Rates Technology, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RATES TECHNOLOGY INC., ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | No. 13-152 (LTS) |
| v. ) | |
| ) | |
| BROADVOX HOLDING COMPANY, LLC, ) | |
| CYPRESS COMUNICATIONS OPERATING ) | |
| COMPANY, LLC and ABC COMPANIES ) | |
| 1 to 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF TAL S. BENSCHAR

Tal S. Benschar declares that:

1.  I am a partner with Kalow & Springut, LLP, counsel for plaintiff Rates Technology Inc. ("RTI") , and submit this declaration in support of RTI's motion to require defendants Broadvox Holding Company, LLC, and Cypress Comunications Operating Company, LLC (collectively "Broadvox") to file pre-litigation emails and other communications under seal and maintain them as confidential.

2. On January 23, 2013, I received an email from Broadvox's counsel attaching motion papers in support of a "Rule 11 motion," and demanding RTI withdraw the complaint or the Rule 11 motion would be filed upon expiration of the 21-day safe harbor in that Rule.

3. The Rule 11 papers quote extensively from pre-litigation email exchanges, and one phone conference that RTI's president had with Broadvox's in-house counsel. All of these emails from RTI bore the legend "FRE 408 CONFIDENTIAL."

**Attempt To Resolve The Dispute**

4. In an attempt to resolve this dispute, we wrote to Broadvox on January 28 demanding that all confidential documents be filed under seal. Broadvox responded in a letter dated January 31, in which it refused to do so. We held a phone conference with Broadvox's in-house and outside counsel on February 6, 2013, but they again refused our request that these communications be maintained in confidence and filed under seal.

5. However, they did agree to temporarily refrain from such filing and give us at least three-days warning before proceeding with filing these papers so that we could move the Court for a temporary order.

6. At 8:56 p.m. on February 11, 2013, we received an email from Broadvox's in-house counsel giving us the three-day notice of an intent to file the papers at issue.

**Plaintiff's Need For Immediate Relief**

7. For the reasons set forth herein, in the Declaration of Gerald Weinberger and in the memorandum of law in support of RTI's motion, RTI will experience irreparable harm if its confidential pre-litigation settlement communications are filed on the regular public docket. The

21-day safe harbor under Rule 11 expires on February 13, 2013, and given the three-days notice, it is expected that Broadvox will file its motion papers by the end of this week.  For these reasons, RTI requires expedited relief from the Court through an Order to Show Cause.

        8.        No previous request has been made for the relief sought herein.

        9.        I declare, under penalty of perjury, that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Dated: February 12, 2013
New York, New York

_____
Tal S. Benschar