405929.2

Milton Springut
Tal S. Benschar
Springut Law PC
75 Rockefeller Plaza ─ 19th floor
New York, New York 10019
(212) 813 1600

*Counsel for Plaintiff Rates Technology Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RATES TECHNOLOGY INC., | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 13-152 (LTS)(SN) |
| BROADVOX HOLDING COMPANY, LLC, CYPRESS COMUNICATIONS OPERATING COMPANY, LLC and ABC COMPANIES 1 to 10, | |
| Broadvox. | |

**PLAINTIFF'S STATEMENT CONCERNING JOINT CLAIMS
TERM CHART AND OBJECTION TO DEFNDANTS'
UNILATERAL FILING OF SAME**

405929.2

Plaintiff Rates Technology Inc. ("RTI") hereby makes the following statement as to why it cannot provide a Joint Claims Term Chart in compliance with Local Patent Rule 11, which under the Scheduling Order is due 60 days after service of infringement contentions and 30 days after validity contentions. As detailed herein, the Infringement Contentions on which the Joint Claims Term Chart is to be based is now known to be predicated on inaccurate information, and the Invalidity Contentions are defective.

RTI also objects to Broadvox Broadvox Holding Company, LLC and Cypress Communications Operating Company, LLC (collectively "Broadvox") unilateral filing of a Joint Claims Term Chart.

**RTI Cannot Comply With a Deadline Triggered by Defective Contentions**

1. From the very beginning of this action, RTI has made clear that it lacks access to Broadvox's system, which is not available to the public. As explained in RTI's complaint, RTI had requested information on the details of how Broadvox route calls according to cost (least-cost routing, the core technology of the patents-in-suit) and only after Broadvox refused to provide that information, RTI filed its complaint based on information in Broadvox's advertising and RTI's belief that after a reasonable opportunity for discovery it would likely have evidentiary support of infringement.

2. As such, from the beginning of this case RTI has been seeking discovery on this very matter. Notwithstanding RTI's efforts and repeated Court orders, Broadvox continues to obstruct these efforts, and to date has failed to produce *any* discovery sufficient to understand the workings of Broadvox's system for least-cost routing. This history has been summarized in RTI's letters to the Court of June 28, July 3 and July 10,

2013, copies of which are attached and incorporated herein (with fax cover sheets omitted).

3.   RTI timely served its Infringement Contentions, which were necessarily based on public statements on Broadvox's websites and the website of what was believed to be its supplier of least-cost-routing technology, given that Broadvox had not disclosed any documentation. These assumptions, according to Broadvox's counsel, now turn out to be inaccurate.

4.   Broadvox failed to comply with this Court's order to provide RTI with Broadvox's system documents, and failed to comply with the related incorporated order to provide RTI with specific information detailed in N.D. Cal. Local Patent Rule 3-4(a). Broadvox's disclosure consisted of only a few pages reflecting unfinished, incomplete, unexecuted draft third-party proposals to create technology for Broadvox in the future. The documents themselves indicate that the proposed solution was not acceptable to Broadvox and failed to meet Broadvox's specification (which has never been disclosed to RTI).  Thus these third-party proposals do not reflect the technology in actual use by Broadvox.  Apart from these proposals, the only other documents produced were a two-page drawing created by counsel, a picture of an unidentified piece of hardware and over 7,000 pages of printouts of meaningless computer codes.  These documents are completely inadequate to provide any understanding of the system and technology used by Broadvox for least-cost routing.

5.   It only recently became clear that the Infringement Contentions were created from inaccurate information and likely did not relate to Broadvox activities.  RTI moved to compel production of documents over Broadvox's objections.  During a phone conference with Magistrate Judge Netburn on June 17, 2013 to discuss RTI's motion,

Broadvox first informed RTI that its Infringement Contentions are based on technology not in actual used by Broadvox.  Instead Broadvox stated that it uses something it calls "Pulse Voice," which currently appears to be a yet unidentified, custom technology that Broadvox created or had someone create. Although Magistrate Judge Netburn ordered production of documents concerning that system (DI 52), to date, Broadvox has produced nothing in response to that Order.

6. This Court's order to provide the Joint Claim Terms Chart pursuant to LPR 11 "within 30 after service of Defendant's LPR 7 disclosure," which in term was ordered to be "filed within 30 after service of the Plaintiff's LPR 6 disclosure," presumes valid disclosures. Thus, defective contentions artificially triggered a deadline of July 11, 2013 for the parties to provide information in accordance with Local Patent Rule 11.

7. Accordingly, RTI is simply not presently in a position to provide necessary information to comply with S.D.N.Y. Local Patent Rule 11 (incorporated in the Scheduling Order) because (a) such requires identification of claim terms that may be implicated by the Accused Device, and RTI lacks knowledge of same; and (b) Local Patent Rule 11 requires detailed cross-reference to the parties' previously served Infringement and Invalidity Contentions, yet RTI's Infringement Contentions have now been rendered without foundation by Broadvox's lack of disclosure.

8. RTI has requested the Court to schedule a conference to deal with outstanding discovery and reschedule the date for the Joint Claim Terms, but has received no response.

**Broadvox Failed To Cooperate In Producing A Joint Submission**

9. Unlike RTI, Broadvox obviously has access to its own system, and thus is in a position to ascertain what claim terms, if any, may require construction.

10. In correspondence with Broadvox's counsel (copies of which are attached), they indicate that they intend to make a unilateral filing of claim terms. When challenged as to why counsel made no effort to cooperate as required by Local Patent Rule 11, counsel indicated that they had been waiting for RTI to act because "it is always the patentee plaintiff who provides the first draft of the claim construction" and then assumed RTI would do nothing and prepared a unilateral submission. The first contention is simply false – most districts require simultaneous exchange and some have required the *defendant* to first explain the terms requiring claim construction. Nothing in Local Patent Rule 11 relieves Broadvox of its duty to cooperate merely because RTI is not in a position to identify claim terms.

11. *At no time* did Broadvox ever communicate anything regarding what claim terms they believed require construction or what construction they propose. It is apparent that this was a deliberate, bad faith attempt to keep RTI and its counsel completely ignorant of Broadvox's position until the filing of their unilateral document with the Court. Broadvox's statement that RTI failed to cooperate is baseless, since Broadvox never even attempted to elicit RTI's position on the claim terms it believes require construction, indeed did not even identify them until it served is claim construction chart.

12. Accordingly, RTI objects to that filing and requests that the Court strike it and require a joint submission as contemplated by Local Patent Rule 11, after discovery is produced of Broadvox's system and amendment of the parties' infringement and invalidity contentions.

4

Dated: July 11, 2013  
New York, New York

Respectfully Submitted,

SPRINGUT LAW PC

By: *[signature: Milton Springut]*
Milton Springut  
Tal S. Benschar  
75 Rockefeller Plaza, 19th Floor  
New York, New York 10019  
(212) 813-1600

*Counsel for Plaintiff*  
*Rates Technology Inc*.

5