411519.1

Milton Springut
Tal S. Benschar
SPRINGUT LAW PC
75 Rockefeller Plaza, 19th Floor
New York, New York 10022
Tel: (212) 813-1600
Fax: (212) 813-9600

*Attorneys for Plaintiff Rates Technology, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RATES TECHNOLOGY INC.,            )<br>                                                           )<br>                        Plaintiff,        )<br>                                                           )<br>            v.                                              )<br>                                                           )<br>BROADVOX HOLDING COMPANY, LLC,  )<br>CYPRESS COMUNICATIONS OPERATING )<br>COMPANY, LLC and ABC COMPANIES )<br>1 to 10,                                                )<br>                                                           )<br>                        Defendants.    )<br>                                                           ) | CIVIL ACTION<br><br>No. 13-152 (SAS)(SN) |

**DECLARATION OF MILTON SPRINGUT**

Milton Springut declares that:

1. I am a partner with Springut Law P.C., counsel for plaintiff Rates Technology Inc. ("RTI") , and submit this declaration in support of the motion by Springut Law P.C. and its individual attorneys, Milton Springut, Tal S. Benschar and Scott Spencer (collectively "Springut Law"), to be relieved as counsel.

2. RTI originally retained my prior firm, Kalow & Springut, LLP, to represent it in this case. That firm ceased operating as of the end of 2012, and I and the other attorneys in this case moved our practice to Springut Law, P.C. RTI signed a new retainer with the new firm. A copy of the retainer (with the fee schedule omitted) is attached as Springut Declaration Exhibit A.

3.      Apart from the above-captioned case, Springut Law represented RTI in three other civil actions, two cases in the Southern District of New York, and one in the District of Delaware, and has also provided advisory patent work to RTI.

4.      The first reason that Springut Law seeks to withdraw as RTI's counsel is the failure to pay fees. RTI has failed to make payment on outstanding invoices going back to March 2013, which total over $1 Million. (These include all representation, not just this case. However, the great bulk of the work was performed in the above-captioned case, and roughly 80% of the outstanding fees were billed in this case.) As the Court can see, paragraph 6 of the Retainer Agreement provides: "[s]ubject to our ethical and professional obligations, the firm cannot continue to work for any client who is in arrears for forty-five (45) days." RTI is now in arrears for over 10 months.

5.      As managing partner and lead counsel in the case, I repeatedly raised the failure to pay the outstanding bills with Gerald Weinberger, RTI's president. The excuse given to me for the non-payment was that all of RTI's assets were frozen as a result of a New York Supreme Court civil action brought against RTI by its prior counsel. The judgment in that case was relatively small (about $80,000) compared to what was represented as the total assets of RTI, all of which were frozen. Mr. Weinberger further represented to me, numerous times, that the judgment had been satisfied, and that he was working diligently to have the asset restraints removed. However, despite repeated promises that payment would be made by a date certain, none has been forthcoming. In ourlatest discussions, Mr. Weinberger has been unable to provide any indication that payment would be made at any point certainin the future. Thus at this point, there is no reason to believe that RTI will ever be pay for the past or future work.

6. The second reason Springut Law seeks to withdraw is the complete breakdown in communication with the client. After the Court's Claim Construction decision, we attempted to discuss with RTI how that impacted the case and the best way to proceed going forward. It became apparent from these discussions that RTI had no interest in heeding our advice, and just wished to continue to litigate without paying our fees for the purpose. In subsequent discussions and email correspondence, Mr. Weinberger has become belligerent, threatened us with contrived charges of ethical violations, raised bogus claims of malpractice, and ended our last phone conversation with a statement that he does not wish to ever speak to me again. Under these circumstances, we do not see how we can possibly proceed to represent a client that refuses to even talk to us.

7. The third reason we seek to withdraw is irreconcilable differences in strategy. Given the need to preserve client confidences, we cannot elaborate in this public filing, but I can state that from our views and Mr. Weinberger's about how to proceed with the case at this juncture are widely divergent.

8. Accordingly, I respectfully request that the Court relieve Springut Law as counsel. In order to preserve to RTI's ability to proceed, we request that the Court stay all proceedings in the action and provide RTI with sixty (60) days to appear through new counsel.

9. I declare, under penalty of perjury, that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Dated: February 28, 2014
New York, New York

_____
Milton Springut

**SPRINGUT DECLARATION**

**EXHIBIT A**

# SPRINGUT LAW PC

ATTORNEYS AT LAW

### RETAINER AGREEMENT

This sets forth the terms of Springut Law PC's representation of Rates Technology Inc, 50 Route 111, Suite 210, Smithtown, NY 11787 ("Client or You").

1.     Engagement. You hereby retain Springut Law PC to render such legal services as may be requested from time to time, and in particular for representation in connection with the review and study of Your patents, corresponding file histories and prior license agreements; assisting in licensing and litigation decisions; overall patent litigation strategy and patent litigation.

2.     Cooperation. You agree to disclose fully and accurately all facts concerning this matter so that we can effectively represent you. We will rely on the completeness and accuracy of that information when performing our services for you. You agree to cooperate in our representation, including obtaining documents required for the matter when requested and attending meetings and court proceedings when necessary.

3.     Recognitions. You recognize that despite the firm's efforts on your behalf, there is no assurance or guarantee of the outcome of the matter(s) for which we are retained, the time in which it will be resolved, or the costs which may be incurred. Many factors that are beyond our control may affect our representation of you, including the actions and responsiveness of governmental agencies and officials, and the actions of third parties.

4.     Fees. Fees billed to you reflect the fair value of the legal services rendered in connection with our representation. The time spent on your matter(s) is recorded and fees are calculated by applying hourly rates assigned to our attorneys and other staff to the time spent. The hourly rates reflect the experience and skill level of our attorneys and staff members and are reviewed annually and may be reasonably adjusted periodically. The current range of rates and the rate for the specific members of our professional staff are set forth on the attached Schedule.

5.     Other Charges. You are responsible for expenses and disbursements incurred by us in representing you. Charges, such as messengers, overnight delivery, court reporters and travel are billed to you at our cost, without any premium. We may request that clients directly pay invoices of some vendors and some governmental fees.

6.     Billing Procedure. We will bill you on a monthly basis. Each invoice will separately state the amount of fees for professional services and incurred disbursements. The full amount of each invoice is due 30 days after presentation to you. Subject to our ethical and professional obligations, the firm cannot continue to work for any client who is in arrears for forty-five (45) days. You agree that fees in arrears more than forty-five (45) days will accrue interest at the rate of 1% per month.

7.  <u>Advance Deposit</u>. You have provided a retainer of $0 against our anticipated fees and costs. You understand that we are authorized at any time to apply the retainer to payment of outstanding invoices.

8.  <u>Arbitration</u>. In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the New York Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

We are, of course, delighted to be asked to provide legal services to you, and we are looking forward to working with you on this engagement. Should you ever wish to discuss any matter relating to our legal representation, please do not hesitate to call me directly, or to speak to one of our other attorneys who are familiar with this engagement.

SPRINGUT LAW PC                                    RATES TECHNOLOGY INC.

By: *Milton Springut*                              By: *[signature]*
Date: 3/18/13                                      Date: 3/14/13

400661